UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
MICHAEL HARDY,

                Plaintiff,        **COMPLAINT**

    -against-

CITY OF NEW YORK, ANTHONY
ANDINO, and JOHN DOES 1 and 2,      **PLAINTIFF DEMANDS**
                                                            **A TRIAL BY JURY**

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Plaintiff Michael Hardy, by his attorneys Lumer & Neville, as and for his Complaint, hereby alleges as follows, upon information and belief:

## PARTIES, VENUE and JURISDICTION

1. At all times hereinafter mentioned, plaintiff Michael Hardy was an adult male resident of Kings County, within the State of New York.

2. At all relevant times hereinafter mentioned, defendant City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

3. At all relevant times hereinafter mentioned, defendant Anthony Andino (Tax 942953), was an adult male employed by the City of New York as a member of the NYPD. Defendant Andino is sued herein in his individual capacity.

4. At all relevant times hereinafter mentioned, defendant John Doe 1 was an adult male employed by the City of New York as a member of the NYPD. Defendant Doe 1 is believed to have the last name Figueroa. John Doe 1 is sued herein in his individual capacity.

5. At all relevant times hereinafter mentioned, defendant John Doe 2 was an adult male employed by the City of New York as a member of the NYPD. Defendant Doe 2 is believed to have the last name Hansen. John Doe 2 is sued herein in his individual capacity.

6. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 1983.

7. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq., in the Eastern District of New York, where the plaintiff and defendant City of New York reside, and where the majority of the actions complained of herein occurred.

**RELEVANT FACTS**

8. On or about September 17, 2013, at or around 12:15 p.m. plaintiff was lawfully walking near the intersection of Brunswick Avenue and Wheatley Street in Kings County, New York.

9. As plaintiff was walking, defendants Andino, accompanied by defendants Doe 1 and Doe 2 (collectively the "individual defendants"), arrived in an unmarked police car.

10. The individual defendants existed the police vehicle, and despite the absence of any legal cause to do so, forcibly seized and searched plaintiff.

11. During the course of the search, defendants found a small folding knife in plaintiff's pocket.

12. The knife was not a gravity knife and could not be reasonably mistaken for a gravity knife.

13. In any event, the knife was seized from plaintiff pursuant to a unlawful and justifiable seizure and search, and there was no reasonable basis for the individual defendants to believe that the search was legally justifiable.

14. Defendants' search of plaintiff yielded no evidence of drugs or contraband.

15. After the unlawful search of his person, plaintiff was transferred to a local area precinct station house, where he was held for several hours, before he was transferred to Kings County Central Booking, where he was held for several more hours.

16. While plaintiff was were imprisoned by the defendants, Andino completed arrest paperwork in which he claimed that he had observed plaintiff (i) holding a gravity knife in his left hand; (ii) place that gravity knife in his pants pocket; and (iii) resist arrest by physically struggling with the officers.

17. Andino forwarded these false allegations to the Queens County District Attorney ("QDA") in order to justify the arrest and to persuade the QDA to commence the plaintiff's criminal prosecution.

18. Andino then spoke with one or more members of the QDA about the arrest and confirmed this falsified version of events in which Andino manufactured a basis for stopping, searching, and arresting plaintiff through the deliberate use of false statements of fact.

19. The allegations concerning the knife and the plaintiff's alleged resisting arrest were false and Andino knew them to be false at the time he made them.

20. Andino further claimed that the folding knife was a gravity knife and that it could be opened by the use of gravity or centrifugal force.

21. Plaintiff was not carrying a knife in his hand nor had he placed the knife in his pocket in front of the defendants, and there was no reasonable basis to believe these allegations to be true.

22. Moreover, the knife was not a gravity knife as it is statutorily defined under New York's penal law, and Andino's claims of being able to open the knife as though it were a gravity knife were lies.

23. Andino knew there was no lawful basis for either initial stop or the search that followed, and so he fabricated his claim that had seen a gravity knife in plaintiff's hand prior to the decision to approach plaintiff in order to both justify and cover up his unlawful conduct and to falsely create the impression that the knife was lawfully recovered from plaintiff.

24. Andino's claim that plaintiff resisted arrest were equally untrue as plaintiff did not make any effort to run and was compliant in his arrest.

25. Andino knew and understood that the QDA, in evaluating whether to commence a criminal prosecution against the plaintiff, was relying on the truthfulness of his claims and statements, and assuming that all of these factual statements and claims Andino was relaying were truthful in all material respects.

26. Andino further knew and understood that he was obligated to provide any and all exculpatory information to the QDA and that he was expected to turn over to or otherwise provide the QDA with all material information concerning the arrest, regardless of whether it was inculpatory or exculpatory.

27. As a direct result of these allegations by Andino, the plaintiff was criminally charged by the QDA and arraigned under docket 2013QN051827 with criminal possession of a weapon in the fourth degree and resisting arrest.

28. Based on Andino's fraudulent version of events, the QDA elected to present the matter to the grand jury, which accepted Andino's fabrications as truthful and indicted plaintiff under indictment 02943-2013.

29. A suppression hearing was held on April 1, 2015, at which Andino was the sole prosecution witness.

30. Andino repeated and expounded upon the same testimony he had given before the grand jury, which, in relevant part, was consistent with his initially fabricated claims to the QDA with respect to his purportedly seeing plaintiff walking down the street with a gravity knife visible in his hand, and that he personally watched plaintiff attempt to hide what Andino knew to be a gravity knife as he approached plaintiff.

31. On June 23, 2015, the Hon. Gene R. Lopez ruled for plaintiff, finding that Andino's testimony was untruthful, and granting plaintiff's motion to suppress the knife.

32. More precisely, Justice Lopez ruled as follows:

It is well settled that the People bear the burden of going forward to show the legality of the police officer's conduct and testimony which is incredible and unbelievable, that is, impossible of belief because it is manifestly untrue, physically impossible. contrary to experience, or self-contradictory. is to be disregarded as being without evidentiary value, even though it is not contradicted by other testimony or evidence introduced in the case. (Internal citations and quotations omitted). . . .Based upon the testimony from [defendant] Andino, this court finds that [Andino] could not have observed what he stated he did observe. This court thus finds that the stop of the defendant was improper.

33. Shortly thereafter all charges against the plaintiff were dismissed and the case terminated in his favor.

34. At no time prior to or during the encounter was there sufficient legal cause to seize, search, and arrest the plaintiff, nor was it reasonable for the defendants to believe that such cause existed.

35. Furthermore, even if the conduct leading to the recovery of the folding knife was lawful, it was unreasonable to believe the item could be accurately described as a "gravity knife."

36. The individual defendants intentionally and deliberately gave false statements to the QDA and/or failed to file accurate or corrective statements, and as a result, the plaintiff' was subjected to criminal process, which continued for nearly two years.

37. At no time did any of the individual defendants take any steps to

intervene in, prevent, or otherwise limit the misconduct engaged in by the other individual defendant.

38. The individual defendants intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein as required.

39. That at all times relevant herein, the individual defendants were acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

40. Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

41. The individual defendants willfully and intentionally seized, arrested, and imprisoned plaintiff without sufficient legal cause and without a reasonable basis to believe such cause existed, or otherwise failed to intervene while one or more of their fellow officers engaged in this unconstitutional conduct.

42. The individual defendants fabricated and withheld evidence and misled prosecutors in order to manufacture probable cause for the plaintiff's arrest and prosecution and cover up their unlawful conduct, or otherwise failed to intervene while one or more of their fellow officers engaged in this unconstitutional conduct.

43. The individual defendants, individually and collectively, subjected the plaintiff to (i) false arrest and imprisonment, (ii) malicious prosecution, and (iii) denial of due process and his right to a fair trial through the fabrication of evidence, and thereby violated and aided and abetted in the violation of plaintiff's rights under the Fourth, Sixth, and Fourteenth Amendments of the United States Constitution. The defendants further failed to intervene in the aforementioned misconduct in which their fellow defendants engaged by remaining silent, and failing to take any meaningful steps to correct the defendants' actions, or otherwise protect the plaintiff from the defendants' actions.

44. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer various injuries including, but not limited to, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

**SECOND CAUSE OF ACTION**

45. Plaintiff repeats the allegations contained in paragraphs "1" through "64" above as though stated fully herein.

46. New York Penal §265.00(5) is the state statute that defines the term "gravity knife" in order to distinguish it from other sorts of knives.

47. Section 265.00(5) defines a gravity knife to "mean( ) any knife which has a blade which is released from the handle or sheath thereof by the force of gravity or the application of centrifugal force which, when released, is locked in place by means of a button, spring, lever or other device."

48. The NYPD, upon information and belief, has trained its members to treat folding knives as the equivalent of gravity knives notwithstanding the plain language of the penal code.

49. Upon information and belief, members of the NYPD, in accordance with the training and instruction provided by the City of New York, routinely and regularly arrest people for possession of a criminal weapon based upon the alleged possession of a gravity knife when, in fact, the knife in question is a folding knife with a blade that is under four inches or otherwise not a gravity knife.

50. This NYPD policy seeks to criminalize the possession of pocket knives, i.e., folding knives, with blades that less than 4 inches in length, despite the absence of any supporting criminal statute or ordinance.

51. As a result of this policy, members of the NYPD routinely arrest people for the entirely lawful possession of a pocket or folding knife without probable cause to believe that the knife is illegal or otherwise prohibited by law.

52. The City of New York has been put on notice by county prosecutors and civil litigation that the NYPD is misapplying the applicable criminal statutes and, as a result, arresting individuals without any lawful basis in violation of the Fourth Amendment.

53. All of the acts and omissions by the individual defendants described above were carried out pursuant to the aforementioned policy and practice of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures, and rules of the City and the NYPD, all under the supervision

of ranking officers of the NYPD.

54. Therefore the municipal defendant has (i) not only tolerated, but actively fostered a policy within the NYPD that encourages the wrongful and unlawful arrest of private citizens, or (ii) is otherwise deliberately indifferent to the risk that this policy would lead to the violation of the constitutional rights of members of the City's citizenry, including the plaintiff.

55. By reason thereof, the municipal defendant has violated 42 U.S.C. §1983 and caused the plaintiff to suffer emotional and physical injuries, mental anguish, deprivation of liberty, and the loss of his constitutional rights.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

*Remainder of Page Intentionally Blank*

WHEREFORE, the plaintiff demands judgment against defendants jointly and severally as follows:

    i.    on the first cause of action, actual and punitive damages in an amount to be determined at trial;

    ii.    on the second cause of action, actual damages in an amount to be determined at trial;

    iii.    statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of this action; and

    iv.    such other relief as the Court deems just and proper.

Dated: New York, New York
November 5, 2015

        LUMER & NEVILLE
        Attorneys for Plaintiff

By: _____
Michael Lumer (ML-1947)
225 Broadway, Suite 2700
New York, New York 10007
(212) 566-5060